UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>      Plaintiff<br><br>v.<br><br>MICHELE LEO,<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:23-cv-00459-NT<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO EXTEND TIME TO AMEND PLEADINGS**

In response to defendant Michele Leo's April 2, 2024, filing of a motion for judgment on the pleadings, plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank Trust") moved on April 4, 2024, for a sixty-day extension of the parties' April 5, 2024, deadline to amend the pleadings. *See* Motion (ECF No. 14). Leo opposes that request. *See* Opposition (ECF No. 15). For the reasons that follow, I grant the Motion in part, extending that deadline to May 3, 2024, and otherwise deny it.

**I. Legal Standard**

"In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension." *Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 26 (1st Cir. 2013) (citing Fed. R. Civ. P. 6(b)(1)). Similarly, when a party seeks to modify or extend a deadline in a scheduling order, such an order "may be modified only for good cause and with the judge's consent."

1

Fed. R. Civ. P. 16(b)(4); *see Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) ("The deadlines established in the scheduling order may be extended on a showing of good cause."). "Rule 16's 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (cleaned up); *see O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004) (recognizing that a "court may extend a scheduling order deadline on a showing of good cause if the deadline cannot reasonably be met despite the diligence of the party seeking the extension" (cleaned up)). By contrast, when a deadline has already expired, a court may permit an extension of time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Tubens v. Doe*, 976 F.3d 101, 104-05 (1st Cir. 2020) (discussing excusable neglect standard). The "good cause" standard applies here.

## II.  Background

U.S. Bank Trust filed its complaint against Leo on December 19, 2023, seeking, among other forms of relief, a finding that it was entitled to enforce the terms of a note and mortgage executed by Leo with respect to certain real property in Saco, Maine (the "Property") and a judgment of foreclosure and sale with respect to the Property. *See* Complaint (ECF No. 1) at 2-3, 7. Leo answered the Complaint on January 19, 2024. *See* Answer (ECF No. 6). On January 23, 2024, the Court issued a scheduling order setting deadlines of April 5, 2024, to amend the pleadings and June 7, 2024, to complete discovery. *See* Scheduling Order (ECF No. 7) at 2.

On April 2, 2024, Leo filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), styled as a "Motion to Dismiss," seeking judgment in her favor on the bases that U.S. Bank Trust's notice of default and right to cure letter were plainly defective and that its foreclosure claim was barred by res judicata. Motion for Judgment (ECF No. 11) at 1. Two days later, U.S. Bank Trust filed its motion to extend time. *See* Motion.

## III. Discussion

U.S. Bank Trust argues that it has shown good cause for the requested sixty-day extension of the deadline to amend pleadings because "its attempt to advance a streamlined *in rem* action against the subject property may be prejudiced if [it] is not granted additional time to amend its pleadings following the resolution" of both the Motion for Judgment and a separate motion by Leo to vacate this Court's order appointing a receiver. *See id.* at 3.[1]

Leo protests that "good cause" typically does not include a change in litigation strategy and that she would prejudiced by having to respond to "an entirely new theory, akin to starting litigation anew," that would require the expenditure of significant additional resources and significantly delay the resolution of this dispute. *See* Opposition (ECF No. 15) at 2-6.

U.S. Bank Trust responds that it filed this motion to extend time rather than amending its complaint prior to the April 5, 2024, deadline "to conserve both the resources of the parties" and "the Court" and that "the pleadings cannot be accurately

---

[1] I have since granted Leo's motion to vacate my order appointing a receiver. *See* ECF No. 18.

3

amended" until the Court resolves the issue of judicial estoppel raised in the Motion for Judgment. *See* Reply (ECF No. 17) at 2.

As a threshold matter, I conclude that some enlargement of the deadline to amend pleadings is warranted. To the extent that Leo asserts that the requested deadline extension would prejudice her, a court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (cleaned up). U.S. Bank Trust swiftly moved to enlarge its deadline to amend its complaint within two days of the filing of the Motion for Judgment, which Leo herself suggests is in effect a belated "motion to dismiss." Motion for Judgment at 1. Finally, this case is as yet in an early stage, with a June 7, 2024, discovery deadline. *See* ECF No. 7. These factors favor U.S. Bank Trust. *See, e.g., Steir*, 383 F.3d at 12 ("Particularly disfavored are motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." (cleaned up)).

The cases that Leo cites for the proposition that a change in litigation strategy does not constitute "good cause" to extend a deadline are distinguishable in that each concerned plaintiffs' attempts to amend pleadings at much later stages of a litigation. *See Snyder v. Collura*, 812 F.3d 46, 48-49 (1st Cir. 2016) (affirming the district court's dismissal of a plaintiff's "belated and likely insufficient effort to assert new theories of recovery" after the First Circuit had decided an interlocutory appeal of the district court's ruling on summary judgment); *Martinez v. Petrenko*, 792 F.3d 173, 178-80 (1st

4

Cir. 2015) (declining a plaintiff's invitation, on appeal of the district court's grant of summary judgment to the defendant, to construe his complaint to encompass a new theory); *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 326-27 (1st Cir. 2008) (upholding the district court's denial of a plaintiff's motion to amend its complaint when the deadline to amend pleadings had expired eleven months earlier, the magistrate judge had recommended the grant of a motion to dismiss, and the plaintiff had or should have had the underlying information from the outset).

On the other hand, U.S. Bank Trust has shown no good cause to extend the deadline for sixty days, let alone until the Court rules on the Motion for Judgment. U.S. Bank Trust does not explain, and it is not apparent, why it cannot "accurately" amend its complaint until the Court rules. And, in my view, judicial resources ultimately will be conserved by allowing U.S. Bank Trust to amend its complaint before issuing a ruling on the Motion for Judgment that might be mooted by a subsequent motion to amend the complaint. I, therefore, extend the parties' deadline to amend pleadings to May 3, 2024.

### IV. Conclusion

For the foregoing reasons, U.S. Bank Trust's motion to extend the parties' deadline to amend pleadings is **GRANTED** in part, to the extent that the deadline is **ENLARGED** to May 3, 2024, and otherwise **DENIED**.

### *NOTICE*

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: April 19, 2024

/s/ Karen Frink Wolf<br>United States Magistrate Judge