# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>                Plaintiff,<br><br>v.<br><br>MICHELE LEO,<br><br>                Defendant. | ) <br>) Docket No. 2:23-cv-00459-NT <br>) <br>) RE: 45 Smutty Lane <br>)      Saco, ME 04072 <br>) <br>) Mortgage: February 22, 2007 <br>) York County Registry of Deeds <br>) Book 15093, Page 349; <br>) Rerecorded Book 15106, Page 833 <br>) |

## CONSENT JUDGMENT OF FORECLOSURE AND SALE

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and the Defendant, Michele Leo, and hereby submit this Consent Judgment of Foreclosure and Sale.

**JUDGMENT** on the Complaint's one count for Foreclosure and Sale is hereby **ENTERED** as follows:

    1.    If the Defendant or his/her heirs or assigns pay U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("**U.S. Bank**") the amount adjudged due and owing ($771,552.88) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, U.S. Bank shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF docket. The following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Principal Balance | $345,210.66 |
| Interest | $183,808.02 |
| Unpaid Late Charges | $267.38 |
| Escrow Advance | $169,752.98 |
| Corporate Advance | $72,513.84 |
| **Grand Total** | **$771,552.88** |

2. If the Defendant or his/her heirs or assigns do not pay U.S. Bank the amount adjudged due and owing ($771,552.88) within 90 days of the Judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, his/her remaining rights to possession, if any, of the property located at 45 Smutty Lane in Saco, Maine ("**Saco Property**") shall terminate, and U.S. Bank shall conduct a public sale of the Saco Property in accordance with 14 M.R.S. § 6323, disbursing the proceeds first to itself in the amount of $771,552.88 after deducting the expenses of the sale, additional fees and costs between the date of the Judgment and the distribution of sale proceeds, with any surplus to the Defendant or the heirs or assigns, in accordance with 14 M.R.S. § 6324. U.S. Bank may not seek a deficiency judgment against the Defendant pursuant to the Defendant's discharge in bankruptcy.

3. Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

4. The Plaintiff is responsible for recording the attested copy of this Judgment with the signed Clerk's certification in the proper county's registry of deeds

within one year of the entry of the final judgment and for paying the appropriate recording fees. *See* 14 M.R.S. § 2401(3).

5. The amount due and owing is $771,552.88 and the mortgage loan is in default because the Defendant, Michele Leo, failed to comply with the terms of the Note and Mortgage and is in breach of both.

6. U.S. Bank has first priority, in the amount of $771,552.88, pursuant to the subject Note and Mortgage, and there are no parties in interest other than the Defendant who has second priority.

6. By agreement of the parties, any prejudgment interest that would have accrued pursuant to 14 M.R.S. § 1602-B is waived. The post-judgment interest rate is 10.23%, pursuant to 14 M.R.S. § 1602-C.

7. The following information is included in this Judgment pursuant to 14 M.R.S. § 2401(3):

    a) The parties to this action and counsel of record are:

| | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust 13801 Wireless Way Oklahoma City, OK 73134 | Reneau J. Longoria, Esq. Doonan, Graves & Longoria, LLC 100 Cummings Center Suite 303C Beverly, MA 01915 |
| DEFENDANTS | Michele Leo | Scott D. Dolan, Esq. Robert E. Mittel, Esq. Two Monument Square Suite 900 Post Office Box 17555 Portland, Maine 04112 |

    b) The docket number of this case is No. 2:23-cv-00459-NT.

    c) The Defendant, the only party to these proceedings besides U.S. Bank, received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure and consents to this Judgment.

    d) A description of the real estate involved, 45 Smutty Lane, Saco, Maine 04072, is set forth in Exhibit A to the Judgment.

    e) The street address of the real estate involved is 45 Smutty Lane, Saco, ME 04072. The Mortgage was executed by Defendant Michele Leo on February 22, 2007. The book and page number of the Mortgage in the York County Registry of Deeds is Book 15093, Page 349. The book and page number of the corrective Mortgage recorded in the York County Registry of Deeds on March 15, 2007 is Book 15106, Page 833.

8. This judgment shall not create any personal liability on the part of the Defendant but shall act solely as an *in rem* judgment against the Saco Property. The parties also agree that this Judgment fully satisfies any claims that the Plaintiff may have had against the Defendant stemming from the Note referenced herein and copy of which is attached as Exhibit B to the Complaint in this matter.

9. Further, the parties acknowledge and agree that the Saco Property is no longer occupied by individuals who were previously month-to-month tenants who have ceased paying. The parties consent to entry of judgment and waive the 90-day right of redemption.

10. The parties further agree to allow the receiver to continue his marketing efforts through May 1, 2025. If the Saco Property is under contract by May 1, 2025, the parties consent to an additional 45 days to complete the sale of the Saco Property and to distribute the proceeds.

11. If the Saco Property is not under contract by May 1, 2025, the parties consent to the public foreclosure of same on Wednesday, May 21, 2025.

Dated: February 3, 2025  /s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria,
LLC 100 Cummings Center,
Suite 303C Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Dated: February 3, 2025  /s/Scott D. Dolan, Esq.
Scott D. Dolan, Esq.
Robert E. Mittel, Esq.
Two Monument Square, Suite 900
Post Office Box 17555
Portland, Maine 04112

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 11th day of March, 2025.

5

## EXHIBIT A

A certain lot or parcel of land, with the buildings and improvements thereon, situated in the City of Saco, County of York and State of Maine, and more particularly described as follows:

Whispering Pines Subdivision as depicted on a Subdivision Plan entitled, "Final Plan, Whispering Pines, Smutty Lane, Saco, Maine" prepared by Paul P. Gadbois Engineering and Surveying Company, dated October 28, 2003, and recorded in the York County Registry of Deeds in Plan Book 289, Page 42, as amended.

The subject lot, as well as all other lots in the Whispering Pines Subdivision, is conveyed subject to all the notes set forth on said Plan. Specific reference is made to the restrictions set forth in Note #19 on the Whispering Pines Subdivision Plan that a fifty (50) foot wide no-cut buffer shall be maintained along the entire length of Smutty Lane so as to maintain the natural character of the area (except for the installation of driveways, a fire tank and removal of dead and diseased trees).

Further reference is made to Note #9 as set forth on the Final Whispering Pines Subdivision Plan, as amended, which states that the total amount of wetland fill related to the entire Subdivision project is restricted to 4,003 square feet. Any proposed wetland alteration on any lot within the Subdivision that would serve to increase that total figure beyond 4,003 square feet is subject to review by the Saco Planning Board and the Maine Department of Environmental Protection.

The above-referenced property is conveyed to and benefited by a Declaration of Covenants and Restrictions affecting Final Plan, Whispering Pines, Smutty Lane, Saco, Maine, dated October 28, 2003, revised January 20, 2004 and recorded in the York County Registry of Deeds in Book 14028, Page 798.

On March 16, 2004 the Saco Planning Board approved an amendment to said Whispering Pines Subdivision Plan eliminating the requirement of a share driveway between Lots 2 and 3, as evidenced by Affidavit of Phillip D. Morin acknowledged May 5, 2004 and recorded in the York County Registry of Deeds in Book 14080, Page 168.

For Grantor's source of title, see deed from Cleve Worster and Susan J. Worster of even or recent date to be recorded in the York County Registry of Deeds herewith.

